UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUBCLUB, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>WHOP INC., et al.,<br><br>    Defendants. | Case No. 25-cv-08600-RS<br><br>**AMENDED ORDER TO PRESERVE STATUS QUO, VACATING TEMPORARY RESTRAINING ORDER HEARING, AND SETTING BRIEFING SCHEDULE AND HEARING FOR PRELIMINARY INJUNCTION** |

On October 8, 2025, plaintiff DubClub, Inc. filed an application for a temporary restraining order ("TRO") against defendants Whop, Inc. and Bear Matthews. An order setting a briefing schedule and a hearing date issued the next day. The scheduling order encouraged the parties to stipulate to such status-quo preserving relief as might be appropriate, so that the matter could proceed directly to a hearing on preliminary injunction in lieu of further temporary restraining order proceedings.

While the parties were unable to reach a stipulation to that effect, their efforts to do so are noted and appreciated. Defendant Whop has filed a response asserting, among other things, that it has "suspended defendant Bear Matthews pending investigation, barred him from contacting any customers (DubClub or otherwise), implemented a full litigation hold, and began isolating and preserving all potentially relevant data." By this order, Whop is advised that it is required to comply with those representations. Defendant Matthews, separately represented, has filed a response expressly joining in Whop's response, and likewise is ordered to comply with the

representations that apply to him.

Based on the record presented in DubClub's motion and in defendants' responses, and in light of Whop's proposed "status quo order," good cause appears for the following relief:

1. The October 16, 2025, hearing date is vacated.

2. Any supplemental briefing defendants may wish to submit in opposition to issuance of a preliminary injunction shall be filed no later than Wednesday, October 24, 2025, and shall not exceed 15 pages. (While the page limit applies separately to each defendant, the expectation is that defendants will avoid unnecessary duplication.)

3. Plaintiff's reply briefing, if any, shall be filed no later than Monday, November 3, 2025.

4. A hearing on preliminary injunction will be held on Thursday, November 6, 2025, on the 1:30 p.m. law and motion calendar, unless subsequently otherwise ordered.

5. Pending further order, defendant Bear Matthews may not directly or indirectly contact or communicate with any customers using any of the alleged information, data, files, simulations, or documents related to confidential aspects of files that he accessed, downloaded, transferred, or otherwise obtained from DubClub's systems prior to his resignation on August 18, 2025, including any information contained within or deriving from those files the ("DubClub Information").

6. Defendants Whop and Matthews may not access or utilize any DubClub Information, including by using it to contact or communicate with any potential customers. For the avoidance of doubt, Whop is not prohibited from otherwise having contact with current and potential DubClub customers that it identifies and contacts without using DubClub Information, such as through DubClub's own publicly accessible "Best Seller Leaderboard."

7. Defendants shall identify for DubClub, by hand delivery or electronically by or before October 17, 2025:

   a. What DubClub Information, if any, Matthews and Whop possessed or possesses;

   b. What hardware or cloud devices currently or historically possessed DubClub Information;

   c. Whether defendants transmitted, disseminated, disclosed any DubClub Information to third parties;

8. The parties are directed to meet and confer and negotiate DubClub's request for expedited discovery and the scope of discovery in good faith, but in any

event, defendants will produce by Friday, October 17, 2025, sufficient documentation regarding any potential misappropriated proprietary information that Matthews accessed and provided to Whop.

This order is not subject to the 14-day limitation under Rule 65 because it was not issued without notice, and in any event, good cause exists to extend it through such time as a ruling issues on a preliminary injunction. Under all the circumstances here, no bond is warranted, and defendants have not argued otherwise.

**IT IS SO ORDERED**.

Dated: October 14, 2025

_____
RICHARD SEEBORG
Chief United States District Judge